NITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **Riverside Plaza Developers LLC**, | Bankruptcy No. 16-08747 |
| Debtor. | Honorable Jack B. Schmetterer |

### UCF I TRUST 1'S BRIEF ON THE COURT'S LACK OF DISCRETION TO CONTINUE THE AUTOMATIC STAY IN EFFECT ABSENT A SHOWING THAT THE DEBTOR IS LIKELY TO PREVAIL AT A FINAL HEARING

After a preliminary hearing, the automatic stay may be continued in effect pending conclusion of a final hearing only if a debtor proves that it is likely to prevail at the final hearing. The bankruptcy court has no discretion to continue the stay in effect absent such proof. Because the debtor in this case has not established that it is likely to prevail at a final hearing, this Court cannot continue the stay in effect.

### 1. BACKGROUND.

Riverside Plaza Developers LLC (the "Debtor") and UCF I Trust 1, its secured creditor, have been on trial on UCF's request to terminate the automatic stay to permit it to proceed with its pending foreclosure case. The trial dates—June 2, 3, 6, and 7, 2016—were set pursuant to a Final Pretrial Order (ECF No. 87). Before the trial started, and during the trial, the Debtor has asked this Court to treat the trial as a preliminary hearing and to schedule a final hearing at some point in the future. The stated reason for this to allow the Debtor to retain experts to support its position.

{00062917}

During the course of the trial, the Court indicated that it may have discretion to continue the stay in effect pending a final hearing, even absent a finding that the Debtor has a likelihood of success at the final hearing. The Court also asked the Debtor to report on its experts: who they are, how long it would take to generate their reports, and the like.

## 2. ARGUMENT.

"Thirty days after a request" for relief from the automatic stay, the stay "is terminated … unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination." 11 U.S.C. § 362(e)(1). The court may order the stay to remain in effect only "if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing." *Id.*

The bankruptcy has no discretion to extend the automatic stay after a preliminary hearing unless the debtor establishes a likelihood of success at a final hearing. The Seventh Circuit so held long ago: "We hold that the intent behind enacting subsection (e) is persuasive in interpreting the amended provision. The rationale behind § 362(e) was to provide more protection for secured creditors. It permitted a court to make a preliminary ruling after a preliminary hearing, after which a court could continue the stay *only if* there was a reasonable likelihood that the party opposing relief from the stay would prevail at a final hearing." *In re Boomgarden*, 780 F.2d 657, 661–62 (7th Cir. 1985) (emphasis supplied) (*citing* H.R. Rep. No. 595, 95th Cong., 1st Sess. 344 (1983)); *In re Nw. Aggregate & Constr. Co.*, 72 B.R. 317, 319 (N.D. Ill. 1987) (vacating bankruptcy court's denial of stay relief and continuation of stay under § 362(e) when bankruptcy court made no finding that debtor was likely to prevail).

Other circuits that have considered the issue have also ruled that the stay can be continued in effect only when the court makes the required determination of the

likely outcome of the case. *In re Looney*, 823 F.2d 788, 792 (4th Cir. 1987) ("Section 362(e) was enacted to prevent the practice under the old Bankruptcy Act of 'injunction by continuance.'"). If a debtor fails to introduce competent evidence to meet its burden in opposing stay relief, then the stay should be lifted. *Boomgarden*, 780 F.2d at 663.

Some circuits have held that a bankruptcy court may use § 105(a) to re-impose a stay that has automatically expired after 30 days. *In re Wedgewood Realty Group Ltd.*, 878 F.2d 693, 701 (3d Cir. 1989). The Debtor might argue that it is a small step from here to hold that a bankruptcy court can continue the stay in effect using § 105(a). But other circuits have specifically rejected application of § 105(a) in this context, as § 362(e) already explicitly states the circumstances in which the stay can be continued. *Looney*, 823 F.2d at 792–93. The Seventh Circuit is likely to agree with the Fourth Circuit rather than the Third Circuit, as it has previously held that "the power conferred § 105(a) is one to implement rather than override." *In re Kmart Corp.*, 359 F.3d 866, 871 (7th Cir. 2004). Even if § 105(a) could be used in this context, the Debtor would still bear the burden of demonstrating a right injunctive relief: a substantial likelihood of success on the merits, irreparable harm to the movant, that harm to the movant outweighs harm to the nonmovant, and that injunctive relief would not violate public interest. *Wedgewood Realty*, 878 F.2d at 700–01.

The Debtor may argue, as it did in its motion to continue the stay-relief hearing, that this Court has discretion to continue the stay in effect pending a final hearing under the last sentence of § 362(e). That sentence reads in full: "If the hearing under this subsection is a preliminary hearing, then such final hearing shall be concluded not later than thirty days after the conclusion of such preliminary hearing, unless the 30-day period is extended with the consent of the parties or for a specific time which the court finds is required by compelling circumstances." 11 U.S.C. § 362(e). This allows a court some discretion over the

timing of the final hearing on stay relief only. It does not give the court discretion to continue the stay in effect if the debtor fails to show a reasonable likelihood of success at the final hearing.

The Debtor may also argue that the Court has some discretion under the language that "[a] hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section." 11 U.S.C. § 362(e). But this language does not alter the mandate that the stay can be continued in effect only upon a showing that the debtor is likely to prevail at the final hearing. And even if there is some discretion to be found here, however, it is severely limited: the automatic stay is automatically terminated 30 days after the request is made, absent consent or a court order made pursuant to the standards discussed above. *Id.* UCF presented its motion for stay relief on May 5, 2016, and the thirtieth day after that presentation was June 6, 2016. UCF has arguably consented to a continuation of the stay for the already-scheduled trial days, but it has not consented and will not consent to the stay remaining in effect pending some future final hearing. The automatic stay, therefore, can be continued only if the Debtor shows that it is likely to prevail at a final hearing.

Section 362(e) was enacted to ensure that creditors receive a prompt hearing on requests for stay relief, and this Court does not have discretion to allow the Debtor a second bite at the apple if it cannot meet its burden now. The Debtor has failed to demonstrate a reasonable likelihood of prevailing at a final hearing. It has no plan in prospect, only hopes and dreams. Under controlling Seventh Circuit authority, the stay cannot be extended pending a final hearing, and this Court has no discretion to the contrary.

**Wherefore**, UCF respectfully requests that the Court grant UCF's motion for stay relief and grant such further relief as is appropriate in the circumstances.

Dated: June 7, 2016                       Respectfully submitted,

                                                        **UCF I Trust 1**

                                                       By: <u>/s/ Jeffrey K. Paulsen</u>
                                                       One of Its Attorneys

William J. Factor (6205675)
Sara E. Lorber (6229470)
Jeffrey K. Paulsen (6300528)
**FACTORLAW**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel:    (847) 239-7248
Fax:    (847) 574-8233
Email: wfactor@wfactorlaw.com
        slorber@wfactorlaw.com
        jpaulsen@wfactorlaw.com

# CERTIFICATE OF SERVICE

I, William J. Factor, an attorney, hereby certify that on June 7, 2016, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Brief* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the appended Service List and by U.S. Mail on all other persons identified on the appended Service List.

/s/ William J. Factor

## SERVICE LIST

**Registrants**
(Service via ECF)

| | |
|---|---|
| William J. Factor | wfactor@wfactorlaw.com, wfactorlaw@gmail.com, bharlow@wfactorlaw.com, wfactor@ecf.inforuptcy.com, wfactormyecfmail@gmail.com |
| Alexander D. Kerr, Jr. | akerr@heylroyster.com, soquinn@heylroyster.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Sara E. Lorber | slorber@wfactorlaw.com, slorber@ecf.inforuptcy.com, nbouchard@wfactorlaw.com, bharlow@wfactorlaw.com |
| Jeffrey K. Paulsen | jpaulsen@wfactorlaw.com, bharlow@wfactorlaw.com, jpaulsen@ecf.inforuptcy.com |
| Neal L. Wolf | nwolf@tetzlafflegal.com, dwolski@tetzlafflegal.com, jbenson@tetzlafflegal.com |